UNITED STATES DISTRICT COURT
for the
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| JAMIE PRETTO, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| ) | Civil Action No. 07-CV-7242 |
| v. ) | |
| ) | |
| ANNA E. SEARS PRESCHOOL, INC., ) | |
| ANNA NESTOR ) | |
| JOHN NESTOR ) | |
| ) | |
| Defendants ) | |

**ANSWER**

Defendants ANNA E. SEARS PRESCHOOL, INC. ("SEARS"), ANNA NESTOR, and JOHN NESTOR by their attorneys Roger B. Derstine, Chartered, answer the Complaint of Plaintiff JAMIE PRETTO ("MS. PRETTO"), as follows:

**JURISDICTION AND VENUE**

1. This is a suit to recover back wages and liquidated damages. Federal question jurisdiction is posited upon Title 20 U.S.C. 1331 and Title 29 U.S.C. 216(b), commonly known as the "Fair Labor Standards Act: (hereinafter "FLSA") as amended, and acts prohibited there under. To plaintiff's knowledge other employees are aggrieved by the unlawful conduct alleged.

**ANSWER:**

Defendants ADMIT that MS. PRETTO has brought suit to recover back wages and liquidated damages. Defendants ADMIT federal question jurisdiction is posited upon Title 20 U.S.C. 1331 and Title 29 U.S.C. 216(b) and acts prohibited there under. Defendants

DENY any liability or damages under the FLSA.  Defendants DENY that MS. PRETTO or other employees are presently aggrieved by the conduct alleged in the Complaint.

2.  Defendants ANNA NESTOR and JOHN NESTOR are officers and directors, and own and operate ANNA E. SEARS PRESCHOOL, INC. d/b/a MARY SEARS CHILDREN'S ACADEMY, and are an enterprise engaged in interstate commerce, doing business within this judicial district, in New Lenox, Illinois.  The defendants are an "employer" of the plaintiff within the meaning of 29 U.S.C. 203(a) and (d).  The court has supplemental jurisdiction over the claims under the Illinois Wage Payment and Collection Act claim, 820 ILCS 105/4a (ILMWL), pursuant to the Judicial Improvements Act of 1990, 28 U.S.C. 1367(a)(1)

**ANSWER:**
Defendants ADMIT that ANNA NESTOR is an officer and director, and owns and operates ANNA E. SEARS PRESCHOOL, INC. d/b/a MARY SEARS CHILDREN'S ACADEMY. Defendants DENY that JOHN NESTOR is an officer or director and owns and operates ANNA E. SEARS PRESCHOOL, INC. d/b/a MARY SEARS CHILDREN'S ACADEMY. Defendants DENY that "SEARS" is an enterprise engaged in interstate commerce. Defendants ADMIT that "SEARS" does business within this judicial district, in New Lenox, Illinois, is an "employer" with the meaning of 29 U.S.C. 203(a) and (d), and, that this Court has supplemental jurisdiction over the claims under the Illinois Wage Payment and Collection Act claim, 820 ILCS 115/11(c), and the Illinois Minimum Wage Law, 820 ILCS 105/4a.

### STATEMENT OF CLAIM

3.  Plaintiff, JAMIE PRETTO, was employed by defendants as a teacher and "assistant director" between approximately October, 2004 and approximately August, 2007, most recently at a wage of $10.00 an hour.  During the time employed, she worked more than 40 hours in certain work weeks for which she was willfully not compensated wages at the rate of one and one-half times his (sic) regular rate of pay, in violation of 29 U.S.C. 207(a)

and ILMWL, 820 ILCS 105/4a.  As a result thereof, she is now due back wages and liquidated damages.

**ANSWER:**

Defendants ADMIT that MS. PRETTO was employed by SEARS as a teacher, and, that her most recent wage was $10.00 an hour.  Defendants DENY the remaining allegations in paragraph 3.

## PRAYER FOR RELIEF

4.      WHEREFORE Plaintiff, JAMIE PRETTO, asks the court to enter judgment in her favor, and against the defendants, ANNA E. SEARS PRESCHOOL, INC. d/b/a MARY SEARS CHILDREN'S ACADEMY, ANNA NESTOR and JOHN NESTOR for all back wages due, liquidated damages, attorney's fees and costs of the action due, as provided by 29 U.S.C. 216(b); 820 ILCS 105/12; and the Illinois Wage Payment and Collection ACT, 820 ILCS 115/11(c)

**ANSWER:**

Defendants DENY that MS. PRETTO is entitled to any back wages, liquidated damages, attorney's fees and costs in this action.  Defendants request that judgment be entered in favor of the Defendants SEARS, ANNA NESTOR, and JOHN NESTOR and against MS. PRETTO in this action.

## AFFIRMATIVE DEFENSES

### I.  MS. PRETTO HAS ALREADY RECEIVED BACK PAY DUE FOR OVERTIME COMPENSATION

1. On or about October 26, 2007, two months prior to the commencement of this action, SEARS entered into a settlement agreement with the Illinois Department of Labor (the "Department"), under which SEARS would pay the Department $646.13, in three installment payments, for overtime compensation due MS. PRETTO as a result of an

investigation by the Department.  Under the agreement, the Department would disburse to MS. PRETTO the monies due her.

2.  On or about November 13, 2007, SEARS made the first of three installment payments to the Department, in compliance with the agreement.

3.  On December 4, 2007, more than three weeks prior to the commencement of this action, the Department issued a check to MS. PRETTO in the amount of $200.00.

4.  By December 13, 2007, SEARS had made the second and third of three installment payments to the Department, in compliance with the agreement.

5.   On December 21, 2007, MS. PRETTO's attorney issued to SEARS a notice of attorney's lien for "back overtime wages'" and "fees and costs of suit".

6.  On December 27, 2007, MS. PRETTO commenced this action with the filing of the complaint, alleging that she is "now due back wages" for the time she was employed by SEARS and "worked more than 40 hours in certain work weeks".

7.  On February 15, 2008, the Department issued a second check to MS. PRETTO in the amount $446.13.

8.  On or about March 31, 2008, MS. PRETTO cashed both checks totaling $646.13 that had been disbursed as back pay for overtime compensation due her from her employment by SEARS.

9.  MS. PRETTO is not due any back pay for overtime compensation arising out of her employment by SEARS.

10.  Judgment should be entered in favor or SEARS, ANNA NESTOR, and JOHN NESTOR and against MS. PRETTO in this action with respect to MS. PRETTO's claim for back wages for overtime compensation arising out of her employment by SEARS.

## II. DEFENDANTS DID NOT WILFULLY DENY MS. PRETTO OVERTIME COMPLENSATION

11.  In her Complaint, MS. PRETTO alleges "she was willfully not compensated" for overtime when employed by SEARS.

12.  All compensation to MS. PRETTO for her work while employed by SEARS was made by SEARS in good faith.

13. Judgment should be entered in favor or SEARS, ANNA NESTOR, and JOHN NESTOR and against MS. PRETTO in this action with respect to MS. PRETTO's claim for liquidated damages, attorney's fees and costs in this action.

    Respectfully submitted,

    ANNA E. SEARS PRESCHOOL, INC.,
    ANNA NESTOR and JOHN NESTOR


    By: _____
    Roger B. Derstine
    One of Defendants' Attorneys

Roger B. Derstine (#0620742)
Ann C. Chiumino (#6277247)
ROGER B. DERSTINE, CHARTERED
105 West Madison Street, Suite 1600
Chicago, Illinois 60602
(312)553-9400